Madden, Judge,
delivered the opinion of the court:
Plaintiff built various buildings at the United States Immigrant Station in Honolulu, Hawaii. Its contract called for the completion of the work within 480 days after receipt of notice to proceed. This time for completion was set by the defendant in its invitation for bids, and was not, as is sometimes done, made an element upon which each bidder makes his offer, with consideration given, in awarding the contract, to a promise of early completion. The contract did, however, contain the usual provision for an agreed sum per day to be assessed against the contractor if he was late in performing, unless he could show certain named excuses for his lateness.
In the contract, the defendant agreed to furnish certain detail drawings and certain models for the manufacture of ornamental terra cotta specified to be used by plaintiff in the construction of some of the buildings. Because of a disagreement between the Treasury Department and a person in Hawaii whom it had employed to make the detail drawings, the drawings were not supplied to the terra cotta manufacturer until August 16, 1933, though plaintiff’s contract had been awarded on November 30, 1932, and notice to plaintiff to proceed had beeen given on January 5, 1933. In the case of the models, a “change of policy” in the Department in regard to letting contracts for the manufacture of the models was the cause of a delay almost as long. These failures to furnish detail drawings and models agreed to be furnished by the defendant extended far beyond the time which the parties contemplated when they made the contract, and constituted a' breach of contract by the defendant. The defendant so admits. Plaintiff claims this breach of contract delayed the completion of the work by some twenty-two *324 weeks and caused plaintiff serious financial losses. The-defendant disputes the extent of plaintiff’s delay and the-amount of its loss.
We have found that plaintiff was delayed ninety days by the defendant’s lateness in furnishing the drawings and models. Plaintiff was ready to use the terra cotta in the-Detention Building by July 11, but did not receive any terra cotta until November 15, 1933.- There was corresponding-delay as to the Administration Building. These dates would indicate a longer delay than the ninety days which we have-found, but plaintiff was able, in the meantime, to accomplish a good deal on other parts of the project, and it is not proved that the intervening time was completely lost.
The defendant asserts that plaintiff could not have been delayed more than seventy days because it completed the-job within seventy days after the date called for in the contract. But the evidence persuades us that, if plaintiff’s work had not been delayed by the defendant’s breach of contract,, it would have completed it some time before the agreed date.. The contract contained no promise that plaintiff would not complete the work before the agreed date, and gave the-defendant no right to unreasonably prevent earlier completion. Blair v. United States, No. 43548, decided October 5, 1942. (99 C. Cls. —)
We think the fact that plaintiff requested, and the defendant granted, only a sixty-day extension of time beyond the agreed date for plaintiff to complete the contract does not prove that plaintiff was not delayed more than sixty days.. Plaintiff and the officer with whom he negotiated the sixty-day extension both understood that the purpose of the extension was to relieve plaintiff of the assessment of liquidated, damages for completion later than the time fixed in the contract. Plaintiff asked for only such time as he needed for-that purpose. The Contracting Officer did not intend to adjudicate any question of liability for unreasonable delay..
We have -awarded plaintiff only the expense to which it was put in keeping on the job its superintendent, foreman,, timekeeper, and watchman; certain insurance- and public-utility costs; the rental valúe of certain machines; and an appropriate part of its main office overhead expense during: *325 the period of delay. Plaintiff did' not satisfactorily prove its loss due to the inefficiency of its labor caused by the irregular manner in which it was compelled to do its work, nor the extent to which the delay carried it into a period of higher wage costs because of the National Industrial Recovery Act and accompanying legislation and governmental action.-
Plaintiff will be awarded a judgment for $8,111.17.
It is so ordered.
JoNes, Judge; Whitaker, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.